<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SUPER 8 WORLDWIDE, INC., formerly known as SUPER 8 MOTELS, INC., | Civil Action No. 13-4852 |
| Plaintiff, | **OPINION** |
| v. | April 29, 2015 |
| ANU, INC., PRAVIN M. PATEL, and KAILASHBEN ZAVER. |  |
| Defendants. |  |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Super 8 Motel, Inc.'s ("Super 8" or "Plaintiff") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Motion").

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **GRANTS** Plaintiff's Motion.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 20, 1997, Super 8 and Anu, Inc. ("Anu") entered into a franchise agreement (the "Agreement"). (Compl. ¶9, Ex. A.) The Agreement permitted Anu to operate a 57-room Super 8 guest lodging facility (the "Facility") at 4125 North Front Street, Harrisburg, Pennsylvania. (*Id.*) Anu supplemented the Agreement with a personal guaranty which provided: "Upon default by Franchisee and notice from you we will immediately make each payment and

1

perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement." (Compl., Ex. B.)

On March 3, 2010, Valerie Capers Workman, Super 8 Vice President of Contracts Administration, sent Anu an "Acknowledgement of Termination" letter terminating the Agreement. (Compl., Ex. C.) Super 8 alleged it received photographs on February 24, 2010 which showed that Anu had stopped operating the facility. (*Id.*) Pursuant to the Agreement, as a result of premature termination, Super 8 demanded Liquidated Damages in the amount of $114,000, Recurring Fees, [1] and attorney fees. (*Id.*)

On August 13, 2013, Super 8 filed a complaint against Anu, Patel and Zaver alleging several breach of contract claims. (Dkt. No. 1; Compl.) Super 8 alleges that Anu unilaterally terminated the Agreement and now owes damages for the early termination. (Compl. ¶¶28-30.)

On December 23, 2014, Super 8 filed a Motion for Default Judgment against Anu only. (Dkt. No. 26.) On January 20, 2015, this Court granted the Default Judgment and awarded Super 8 $317,591.65 in damages. (Dkt. No. 27.) On January 21, 2015, Anu was terminated as a party to the litigation. (*Id.*)

On January 30, 2015, Super 8 filed the instant Motion against Patel only. (Dkt. No. 28.) No opposition was filed.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] In addition to $114,000 in liquidated damages, Super 8 requested Recurring Fees totaling $96,196.39 (inclusive of interest through January 20, 2015), or $101,364.66 through March 2, 2015 (anticipated return date of this Motion). (*See* Fenimore Aff.; Def.'s Br. 10.) The Franchise Agreement, section 7.3, provides that interest would accrue at the rate of 1.5% per month on all payments that became past due under the Franchise Agreement. (Fenimore Aff., at 12, Exhibit A, § 7.3.)

56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of

3

its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

In order to prevail on a breach of contract claim, Plaintiff needs to demonstrate 1) a valid contract exists; 2) breach of contract; and 3) resulting damages. *See RNC Sys., Inc. v. Modern Technologies Group, Inc.*, 861 F.Supp.2d 436, 444-45 (D.N.J. 2012).

In the instant matter, Super 8 and Patel entered into a binding agreement on October 20, 1997. (Compl. ¶9, Ex. A.) Patel breached this Agreement when he ceased operation of the Facility under the Agreement. (*Id.*) The language does not appear to be ambiguous. Further, Patel also provided a "personal guaranty" to Super 8 for damages as a result of default. (Compl., Ex. B.) Super 8 has stated a valid breach of contract claim.

As a result of Patel's breach and pursuant to the Agreement, Super 8 is entitled to liquidation damages and recurring fees pursuant to the Agreement. (*Id.*) As such, the fees claimed under the Agreement may be granted on summary judgment. *See Nevets C.M., Inc. v. Nissho Iwai American Corp.*, 726 F.Supp. 525 (D.N.J. 1989) (deciding contract issue on summary judgment); *Fleming Co. v. Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837, 847 (D.N.J. 1995).

Based on the foregoing facts, summary judgment is appropriate. This Court notes that no opposition to this motion was filed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **GRANTED**. An order consistent with this Opinion follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Parties
 Magistrate Judge Mannion